UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THE HANOVER INSURANCE COMPANY,

        Plaintiff,

v.                                           Case No. 22-cv-11414

DAVID P. SUTHERLAND, et al,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART JOINT MOTION FOR PARTIAL VOLUNTARY DISMISAL AND TO STAY ALL PROCEEDINGS
AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Four motions are currently pending before the court in this professional liability insurance coverage dispute. (ECF Nos. 30, 32, 35, & 37.) Foremost, in the court's view, is Plaintiff The Hanover Insurance Company's ("Hanover") and Defendants David P. Sutherland, Wakefield, Sutherland & Lubera, PCL, and the Law Offices of David P. Sutherland PLC's ("the Sutherland Defendants") Joint Motion for Partial Voluntary Dismissal and to Stay All Proceedings. (ECF No. 32.)[1] Due to Defendant Plante Moran Trust's ("PMT") opposition (ECF No. 36), under Federal Rule of Civil Procedure 41(a)(2), Hanover and the Sutherland Defendants seek an order from the court that partially dismisses with prejudice Counts I, II, and III and fully dismisses with prejudice Count IV. (ECF No. 32, PageID.381–82.) They further seek a stay in all proceedings,

---

[1] The three other motions are all discovery related. While one was filed before the joint motion, the court is exercising its discretion to consider the joint motion first. *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 429–30 (6th Cir. 2004); *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir.1986) (recognizing the discretion of "the trial judge who is charged with the responsibility ... [of] managing his docket and [e]nsuring an expeditious processing of the litigation").

pending resolution of an underlying state probate court matter. (Id.) The joint motion has been fully briefed. The court finds oral argument to be unnecessary. E.D. Mich. LR 7.1(f)(2). For reasons explained below, the court will grant the joint motion to the extent that it seeks partial dismissal of Counts I, II, and III and full dismissal of Count IV. However, in lieu of granting a stay, the court will dismiss the remaining partial counts on subject matter jurisdiction grounds.

## I. BACKGROUND[2]

To contextualize this federal lawsuit, preceding and ongoing state litigation must be discussed. On or about February 1, 2021, the Gretchen C. Valade Irrevocable Living Trust u/a/d January 15, 2009 ("the Trust") filed suit in Oakland County Circuit Court against Defendant David P. Sutherland ("Sutherland") and others, alleging that Sutherland abused his various positions as the Trust's advisor, legal counsel, and trustee by diverting Trust funds for personal use. (ECF No. 1-3.) Sutherland tendered the action to Hanover for coverage under a professional liability policy issued to Defendant Wakefield, Sutherland & Lubera, PCL. (ECF No. 1, PageID.14.) Hanover agreed to defend Sutherland while reserving its right to recoupment upon a later determination of no coverage. (Id.) After a transfer of venue to Wayne County, however, the case was ultimately dismissed on jurisdictional grounds. (Id. at PageID.10.) In response, on or about March 23, 2022, PMT filed suit on behalf of the Trust in Wayne County Probate Court against the Sutherland Defendants and related entities, making largely the same allegations as the dismissed circuit court action. (ECF No. 36,

---

[2] This section should only be construed as providing context. Given the procedural posture of the case, these facts are largely taken from Hanover's Complaint with the understanding that they do not serve as formal findings of fact. (ECF No. 1.)

2

PageID.598.) In April of 2022, Sutherland tendered the probate litigation to Hanover for coverage with Hanover agreeing to defend, again subject to its right to recoupment. (ECF No. 1, PageID.14.) Collectively, this state litigation forms Sutherland's "claim" under the policy with Hanover. (Id. at PageID.2.)

On June 23, 2022, with the probate litigation pending, Hanover filed a Complaint for Declaratory Relief and Money Judgment with this court, seeking a judicial determination and declaration with respect to the parties' rights and obligations under Defendant Wakefield, Sutherland & Lubera, PCL's professional liability policy. (ECF No. 1, PageID.2.) Aimed particularly at defining the parameters of Hanover's duties to defend and indemnify Sutherland in the state litigation, the pleading consists of the following four claims: Count I, For a Declaration that the Lawsuits Do Not Fall Within the Policy's Insuring Agreement Because They Constitute a Single Claim First Made Against an Insured Prior to the Policy Period; Count II, For a Declaration that the Lawsuits Do Not Fall Within the Policy's Insuring Agreement Because the Prior Knowledge Condition Is Not Satisfied; Count III, For a Declaration that Coverage for the Lawsuits Is Further Barred by Virtue of the Controlled Entity Exclusion; and Count IV, For a Declaration of Hanover's Right to Recoup Amounts Advanced and Money Judgment. (ECF No. 1.)

Thereafter, proceedings progressed without issue through October of 2022. However, on November 11, 2022, the Sutherland Defendants and related non-parties filed a motion for protective order against discovery requests and subpoenas issued to them by PMT. (ECF No. 30.) With that motion pending, on November 30, 2022, the Sutherland Defendants finalized a settlement agreement with Hanover regarding the availability of coverage for the state litigation under the policy, which would result in

3

partial dismissal of Counts I, II, and III as to all Defendants to the extent that they relate to Hanover's duty to defend and full dismissal with prejudice of Count IV as to all Defendants. (ECF No. 32-2, PageID.398–99.) Yet they were unable to obtain consent from PMT for a stipulated dismissal. (ECF No. 32-3, PageID.400.) Accordingly, on December 5, 2022, Hanover and the Sutherland Defendants filed their joint motion for partial voluntary dismissal and stay. (ECF No. 32.) On December 19, 2022, PMT filed its response (ECF No. 36) to which Hanover and the Sutherland Defendants jointly replied on January 3, 2023 (ECF No. 41). In the interim, discovery issues persisted, resulting in various filings by the parties, including two discovery-related motions by PMT. (*See* ECF Nos. 34, 35, 37, 40, 42, & 43.)

On January 3, 2023, the court convened the parties for a status conference. Following discussions regarding the pending motions, the court resolved to issue a written order. As perhaps foreshadowed at the status conference, the court is chiefly concerned with the joint motion for voluntary dismissal and stay. This opinion reflects that focus, purposely leaving the merits of the three discovery motions unaddressed.

## II. STANDARD

### A. Voluntary Dismissal Under Rule 41(a)(2)

When all parties who have appeared in a suit will not stipulate to a dismissal, under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of Rule 41(a)(2) is to protect the nonmovant from unfair treatment, that is, plain legal prejudice. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). In determining whether such prejudice would result, courts typically consider "the defendant's effort and expense of preparation for trial, excessive delay

and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). To offset the prejudice a defendant may suffer from a dismissal without prejudice, the court may condition a Rule 41(a)(2) dismissal on whatever terms it deems necessary. *Bridgeport Music, Inc.*, 583 F.3d at 954. Where, as here, the voluntary dismissal sought is with prejudice, it is generally considered an abuse of discretion for the court to deny the request, unless exceptional circumstances warrant an award. *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 851–53 (W.D. Mich. 2007), aff'd, 277 Fed. Appx. 530 (6th Cir. 2008).

## B. Ripeness

The U.S. Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Federal courts cannot issue advisory opinions. *Safety Specialty Ins. Co. v. Genessee Cnty. Bd. of Comm'rs*, 53 F.4th 1014, 1020 (6th Cir. 2022). Article III's case-or-controversy requirement allows federal courts to resolve concrete disputes but prohibits them from passing "judgments on theoretical disputes that may or may not materialize." *Saginaw County v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03 (1998)). "The Supreme Court has delineated these limits with a number of justiciability doctrines, including standing and ripeness." *Safety Specialty Ins. Co.*, 53 F.4th at 1020 (citing *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279–80 (6th Cir. 1997)). A claim is not ripe if it turns on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, ––– U.S. –––, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S.

296, 300 (1998)); *see Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Magaw*, 132 F.3d at 280. Courts consider several factors when deciding whether the issues presented are ripe for review. *United Steelworkers of America, Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir. 1988). First, particular attention is paid to the likelihood that the harm alleged by the advocating party will ever come to pass. *Id.* Second is whether the factual record is developed enough for a fair adjudication on the merits of the parties' claims. *Id.* at 195. Third is the hardship that refusing to consider a plaintiff's prospective claims would impose upon the parties. *Id.*

### III. DISCUSSION

The joint motion makes two general requests: (1) partial and full dismissals of certain counts in Hanover's complaint, and (2) a subsequent stay in these proceedings due to ripeness considerations. They are legally distinct, requiring separate analyses. The court will therefore evaluate each in turn.

### A. Request for Voluntary Dismissal

With respect to the voluntary dismissals, Hanover and the Sutherland Defendants specifically seek partial dismissal with prejudice as to all Defendants of Counts I, II, and III, to the extent that they concern Hanover's duty to defend the Sutherland Defendants in the state litigation, and total dismissal with prejudice as to all Defendants of Count IV. They contend that their request is appropriate because, in light of the settlement agreement reached between them, there is no longer an active dispute regarding the scope of Hanover's defense obligations in connection with the state litigation or its claim for recoupment. (ECF No. 32, PageID.388.) In response, PMT

largely focuses on how it would be prejudiced by entry of a stay in these proceedings while taking umbrage generally with not being included in fashioning the settlement agreement despite having a substantial interest in litigating the coverage issue between Hanover and the Sutherland Defendants. (ECF No. 36, PageID.601–03.) Should the court be inclined to grant a dismissal, however, PMT requests—in a footnote without citation to any legal authority—that any dismissal be conditioned on Hanover paying PMT the costs and attorney fees it accrued in taking discovery in this matter. (Id. at PageID.603.)

The court finds the partial dismissal of Counts I, II, and III and the total dismissal of Count IV appropriate. PMT fails to articulate how it suffers any plain legal prejudice from these dismissals. It further provides no legal authority supporting an award of costs and attorney fees under these circumstances, insufficiently making the request in a footnote. (ECF No. 36, PageID.603.) There is no dispute that PMT has an interest as an alleged injured third party in adjudicating the coverage rights of the Sutherland Defendants vis-à-vis Hanover. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). However, that interest in no way affords PMT the right to settle a contract dispute to which it is not a party. As Hanover and the Sutherland Defendants point out, under Michigan law, an insurer's duty to defend and duty to indemnify are separate and distinct. *See Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co.*, 452 Mich. 440, 450–51, 550 N.W.2d 475, 481 (1996); *Dochod v. Cent. Mut. Ins. Co.*, 81 Mich. App. 63, 67, 264 N.W.2d 122, 123–24 (1978). To the extent that PMT has an interest in ensuring Hanover defends the Sutherland Defendants, that concern is assuaged by the fact that Hanover has agreed to defend, albeit up to a certain monetary cap. (ECF No. 32-2, PageID.398–99.)

Moreover, the issue of Hanover's duty to indemnify, which is the true source of PMT's interest, remains intact. Though it addresses Hanover's indemnification obligations and the Sutherland Defendants' ability to pursue indemnification, being solely between Hanover and the Sutherland Defendants, the settlement agreement does not function as an adjudication on the merits of whether Hanover will be obligated to indemnify should PMT, upon success in the probate litigation, pursue it.[3] Thus, given that the dismissals are sought with prejudice and further concern claims that do not affect PMT's rights or interests, there is no plain legal prejudice to PMT. Additionally, the mere fact that PMT expended resources in defending this action does not constitute exceptional circumstances warranting a cost and fee award. *See Degussa Admixtures, Inc.*, 471 F. Supp. 2d at 852–53. As such, the joint motion will be granted to the extent that it seeks partial dismissals of Counts I, II, and III and total dismissal of Count IV with prejudice as to all Defendants.

## B. Request for Stay

The only issue remaining in the case is Hanover's duty to indemnify. The parties dispute whether this issue is ripe for judicial adjudication. Hanover and the Sutherland Defendants argue that any dispute over indemnity coverage is premature because it rests on the contingent future event of PMT successfully litigating the underlying state probate action. (ECF No. 32, PageID.389–91.) Accordingly, these parties seek a stay of these proceedings until the probate litigation is resolved, relying on the unpublished, persuasive authority of *Evanston Ins. Co. v. Bioport Corp.*, No. 1:06-CV-904, 2007 WL

---

[3] Furthermore, to the extent that it suggests that the terms of the settlement agreement regarding Hanover's right to approve any settlement in the probate action are improper, PMT provides no legal support that it is entitled to enjoy settlement negotiations with the Sutherland Defendants free from Hanover's caveats.

2077755 (W.D. Mich. July 17, 2007). (Id. at PageID.391.) PMT counters that the coverage dispute is ripe, arguing that nothing has substantively changed in the six intervening months since Hanover filed suit, wherein it asserted the ripeness of the coverage dispute. (ECF No. 36, PageID.603.) PMT further contends that the contingent nature of Hanover's liability on PMT's success in the probate litigation does not automatically render its adjudication unripe because there is a significant likelihood that liability will ultimately be incurred. (Id. at PageID.604–07.) PMT also asserts that a coverage determination would be helpful in progressing the probate litigation while criticizing any stay as being prejudicial due to the significant costs it has incurred thus far and the effective mooting of its pending discovery motions. (Id. at PageID.607–08, 603–04.)

  The court finds the issue of Hanover's duty to indemnify not ripe for adjudication. In assessing the likelihood that PMT will be successful at the probate level against the Sutherland Defendants and entitled to damages for actions covered by the policy with Hanover, the court is woefully ill-equipped to even begin making a determination. While the court has been afforded general details regarding the probate litigation, it has no information or evidence related to Sutherland's alleged misconduct at its disposal. And rightfully so, as that is the very subject of the probate litigation. No rulings have been made in that case which would suggest PMT is more likely to succeed than not.

  For largely these same reasons, the factual record in this case is not developed enough for a fair adjudication on the merits. To appropriately assess whether Hanover has to indemnify the Sutherland Defendants, this court would need to know chiefly if Sutherland's alleged misconduct is covered under the policy, which would necessarily

9

require an exploration of the conduct itself—again, the central subject of the ongoing probate litigation. The court is not interested in adjudicating facts that are already before another court and finds that any disposition in this case would be an inappropriate "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *see Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

Finally, PMT has not articulated a viable hardship that it would suffer if Hanover's duty to indemnify was not resolved. Rather, PMT merely expresses how knowing the outcome could usefully inform its litigation strategy in the probate case. The majority of PMT's perceived prejudice is related to how the entry of a stay would affect discovery in this case. Yet, PMT's discovery concerns, which prematurely assume its success in pending motions seeking sanctions, do not outweigh the court's need for further factual development to deal with the indemnification issue presented. *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808–12 (2003).

As such, the court concludes that the specific issue of Hanover's duty to indemnify is not ripe. However, the court does not find a stay to be the appropriate course of action at this juncture. In deciding that the existing issues in this case are not ripe for adjudication, the court has effectively determined that it no longer has subject matter jurisdiction in this case. Thus, the remainder of the complaint must be dismissed without prejudice in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

### IV. CONCLUSION

For the foregoing reasons, the court deems partial dismissal of Counts I, II, and III and total dismissal of Count IV with prejudice as to all Defendants appropriate. It further finds the remaining portions of Counts I, II, and III currently unripe for

adjudication. Given the court's lack of subject matter due to ripeness concerns, a stay is inappropriate, and the remainder of the action must be dismissed. By the same stroke, the parties' pending discovery motions will be terminated as moot. Accordingly,

IT IS ORDERED that The Hanover Insurance Company's and Defendants David P. Sutherland, Wakefield, Sutherland & Lubera, PCL, and the Law Offices of David P. Sutherland PLC's Joint Motion for Partial Voluntary Dismissal and to Stay All Proceedings (ECF No. 32) is GRANTED IN PART. Counts I, II, and III are partially dismissed with prejudice as to all Defendants, as far as they concern Hanover's duty to defend, and Count IV is wholly dismissed with prejudice as to all Defendants.

IT IS FURTHER ORDERED that, due to a lack of subject matter jurisdiction on ripeness grounds, the remainder of the suit is DISMISSED without prejudice and the parties' pending discovery motions (ECF Nos. 30, 35, & 37) TERMINATED AS MOOT.

s/Robert H. Cleland               /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 17, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner                     /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-11414.HANOVERINSURANCE.MotionForVoluntaryDismissal&Stay.EKL.docx